# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LEMARR JENNINGS, et al.,<br>　　　Plaintiffs, | Case No. 1:13-cv-868 |
| | Black, J. |
| vs. | Litkovitz, M.J. |
| DOUGLAS M. RASTAHER, et al.,<br>　　　Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff Alonzo Shephard, an inmate at the North Central Correctional Institution in Marion, OH, brings this action jointly with plaintiff Lemarr Jennings against twenty-three named defendants. Plaintiff Shephard's complaint alleges a multitude of conclusory allegations concerning the conditions of his confinement.[1] The complaint also alleges a litany of other claims which are delusional, irrational, confusing or unintelligible, or which have previously been addressed by this Court in Mr. Shephard's numerous other cases. Plaintiff Shephard requests a "finding of multiple civil rights violations" and monetary relief. This matter is before the Court on plaintiff Shephard's motion for leave to proceed *in forma pauperis*. (Doc. 1).

Mr. Shephard is a frequent and abusive litigant in the Sixth Circuit Court of Appeals and in the district court. *See Shephard v. Marbley*, 23 F. App'x 491 (6th Cir. 2001). Pursuant to the Court's Order in *In re: Alonzo Dean Shephard*, No. MC-3-99-025 (S.D. Ohio Nov. 1, 1999) (Rice, J.), the Clerk of Court has been directed to not file any papers tendered by Mr. Shephard unless he receives prior judicial authorization. Mr. Shephard has failed to request and obtain prior judicial

---

[1] The complaint also includes claims relating to plaintiff Jennings' arrest and criminal conviction. In the relief section of the complaint, plaintiffs also request that the Court overturn Jennings' conviction. (Doc. 1, Complaint p. 6). By separate Order issued this date, plaintiff Jennings has been granted leave to proceed *in forma pauperis* and ordered to file an amended complaint setting forth his claims against the named defendants.

authorization to file the instant complaint.

In addition, Mr. Shephard is prohibited from filing this action *in forma pauperis* in accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In 1996, this Court determined that Mr. Shephard may not file any civil action in this Court *in forma pauperis* because he previously filed at least three frivolous actions in the federal courts. *See Shephard v. McGurie,* MS 1-96-199 (S.D. Ohio Oct. 18, 1996) (Spiegel, J.) (Doc. 4). In view of his three "strikes," plaintiff Shephard may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the plain language of the statute, Mr. Shephard must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g). *See Wallace v. Franklin,* 66 F. App'x 546, 547 (6th Cir. 2003); *accord Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Malik v. McGinnis,* 293 F.3d 559, 562 (2d Cir. 2002); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 885 (5th Cir. 1998). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent

impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff Shephard's complaint any facts indicating he is under imminent danger of serious physical injury. Therefore, Mr. Shephard does not meet the exception to section 1915(g). Accordingly, plaintiff Shephard's motion to proceed *in forma pauperis* should be **DENIED**.

Moreover, as noted above, the complaint is conclusory and repeats many of the same allegations previously alleged in Mr. Shephard's previous lawsuits. The filing of duplicate lawsuits is malicious and "an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d)."[2] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). *See also Washington v. Reno*, No. 95-5062, 1995 WL 376742, at *1 (6th Cir. June 22, 1995) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981)). Accordingly, plaintiff Shephard's complaint is subject to sua sponte dismissal as malicious. *See* 28 U.S.C. §§ 1915(e)(2)(b)(i), 1915A.

---

[2] Section 1915(d) is the precursor to current Section 1915(e)(2)(B)(i).

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Shephard's motion to proceed *in forma pauperis* be **DENIED** under 28 U.S.C. § 1915(g).

2. Plaintiff Shephard be assessed the full filing fee of $350.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. Plaintiff Shephard's complaint be sua sponte dismissed as malicious.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/8/2014

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LEMARR JENNINGS, et al.,
    Plaintiffs,

vs.

DOUGLAS M. RASTAHER, et al.,
    Defendants.

Case No. 1:13-cv-868

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).