UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEMARR JENNINGS,
    Plaintiff,

vs

DOUGLAS M. RASTATTER, et al.,
    Defendants.

Case No. 1:13-cv-868

Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

      Plaintiff, an inmate currently incarcerated at the North Central Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Douglas M. Rastatter, Gary Mohr, Mr. Woods, Warden N. Turner, Andrew Bennet, the Springfield Police Department, William Speakman, Deputy Warden Joyce, Mrs. King, CO Burker, Mr. Tiger Boyd, Major May, Governor John Kasich, Mike DeWine, Chaplin Blair, and Chaplin Goodwin. (Doc. 10). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a sua sponte review of the amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint, plaintiff includes forty-three causes of action largely set forth with no accompanying facts. For example, plaintiff's first twelve causes of action are alleged as follows:

> (1) Deliber[ate] indifference & serious safety & (2) medical needs (3) Judic[ial] misconduct (4) attorney misconduct code ethic cannon conduct. (5) by complicity (6) conspiracy (7) & organized criminal acts (8) racketeering (9) assault and (10) injuring me & all physically & mentally & (11) failing to protect me & (12) my constitutional rights also denial of access to court.

(Doc. 10, Amend. Complaint p. 4).

The complaint does include some factual allegations concerning plaintiff's arrest. In his twenty-seventh cause of action, plaintiff alleges that the Springfield Police Department "assaulted, beat and attacked" him, resulting in injuries to his back, neck, legs and arms. *Id.* at 5. Plaintiff claims that his sister took photographs of the attack but that due to a conspiracy the photographs were confiscated and disregarded by defendant Judge Rastatter. *Id.* Plaintiff appears to further allege that his arrest was the result of racial profiling and "racist hate" in his twenty-eighth cause of action. *Id.* Plaintiff claims that the police initially stopped him because he was black and had two phones with him at the time. *Id.*

The complaint also includes allegations regarding the prison conditions at the North Central Correctional Institution. Plaintiff claims that prison overcrowding has caused "assaults fights and injur[ies] pain & suffering." *Id.* Plaintiff claims inmates are "doubled up in cubes spots & double bunked." *Id.* at 6. He further alleges that the prison bathrooms are unsanitary. According to plaintiff, the floors, showers and sinks are not disinfected daily. He claims that the conditions are unsafe because of exposure to bacteria, urine, blood and germs. *Id.* Lastly, plaintiff claims that prisoners are required to stand outside for hours awaiting medical treatment, with some inmates getting frost bite and colds due to the wait. *Id.*

For relief, plaintiff seeks monetary compensation. *Id.* at 7.

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. First, to the extent plaintiff may be asserting various claims on behalf of other inmates as well as himself, he "lacks standing to assert the constitutional rights of other prisoners" and is not permitted as a *pro se* litigant to bring a class action lawsuit concerning prison conditions. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (and cases cited therein); *see also White v. Kasich,* No. 2:12cv1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason *pro se* prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted*, 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins*, No. 2:07cv826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones*, No. 1:06cv108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the *pro se* inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore, plaintiff's claims are limited to alleged violations of his own federal rights. *Cf. Dodson*, 304 F. App'x at 438.

Plaintiff has also failed to state a claim for relief in connection with his arrest. Plaintiff's complaint against defendant Springfield Police Department is in reality an official capacity suit against the City of Springfield, the entity of which defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against the City of Springfield because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a

municipality . . . cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against the City of Springfield for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the [City]." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff's complaint fails to allege any facts showing that the Springfield Police Department acted pursuant to a policy or custom of the City of Springfield in investigating, arresting, and allegedly assaulting plaintiff. Therefore, the complaint fails to state a claim upon which relief may be granted against the Springfield Police Department and should be dismissed.

Plaintiff's conspiracy claim and all claims against defendant Judge Rastatter should also be dismissed. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged no facts in support of his conspiracy claim from which the Court can reasonably infer that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, defendant Judge Rastatter is entitled to absolute immunity because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity.

*Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts indicating that defendant Judge Rastatter presided over a matter over which he was without subject matter jurisdiction or that he performed non-judicial acts.

Plaintiff's cruel and unusual punishment claims are also subject to dismissal. Plaintiff fails to set forth facts showing the allegedly deficient conditions of his confinement constitute a "serious deprivation of basic human needs" such as food, medical care, or sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Plaintiff's allegations simply do not rise to the level of a constitutional violation. *See e.g. Daugherty v. Timmerman-Cooper*, No. 2:10-cv-1069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) ("[n]umerous courts, including both the Sixth Circuit and this Court, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim") (Report and Recommendation) (collecting cases), *adopted*, 2011 WL 3206844 (S.D. Ohio July 27, 2011); *Thigpen v. Reid*, No. 1:10-cv-2260, 2010 WL 5127649, at *2 (N.D. Ohio Dec. 9, 2010) (finding allegations regarding prison bathroom sanitation did not rise to the level of cruel and unusual punishment).

Finally, plaintiff's remaining claims should be dismissed. As noted above, plaintiff has failed to offer any factual allegations in support of the majority of the causes of action listed in the complaint. With regard to these claims, the complaint provides no factual content or context from which the Court may reasonably infer that the named defendants somehow violated

6

plaintiff's rights. Plaintiff's complaint provides no "more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Because plaintiff's complaint is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly*, 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, in sum, the Court concludes that the plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The amended complaint be **DISMISSED** with prejudice pursuant 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/11/2014

Karen L. Litkovitz
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEMARR JENNINGS,
    Plaintiff,

vs

DOUGLAS M. RASTATTER, et al.,
    Defendants.

Case No. 1:13-cv-868

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Lemarr Jennings #678-848<br>North Central Corr. Inst.<br>PO Box 1812<br>Marion, OH 43302 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9937 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |